UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNELL AVERY DENHAM,

        Plaintiff,

   v.

BRUCE F. MIYAKE,

        Defendant.

Case No. C17-1538-RSL-JPD

REPORT AND RECOMMENDATION

    Plaintiff, a federal prisoner, has filed an application to proceed *in forma pauperis*, a proposed civil rights complaint, and a proposed motion to appoint counsel. Because it is clear from the face of plaintiff's complaint that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court recommends that this action be DISMISSED without prejudice and without leave to amend, and that plaintiff's application to proceed *in forma pauperis* and motion to appoint counsel be DENIED as moot.

    A civil rights action cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487 (emphasis added). "*Heck*, in other words, says that if a

REPORT AND RECOMMENDATION - 1

1  criminal conviction arising out of the same facts stands and is fundamentally inconsistent with
2  the unlawful behavior for which [civil rights] damages are sought, the [civil rights] action must
3  be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).  The civil rights action "is
4  barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no
5  matter the target of the prisoner's suit (state conduct leading to conviction or internal prison
6  proceedings)—if success in that action would necessarily demonstrate the invalidity of
7  confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

8       Plaintiff brings this action against Bruce Miyake, the Assistant United States Attorney
9  who prosecuted the case for which he is currently serving time.  Dkt. 1-1 at 6.  Plaintiff alleges
10 that defendant "knowingly used false evidence . . . to obtain a tainted conviction." *Id.* at 5.
11 According to plaintiff, defendant procured his "conviction through fraud, misfeasance,
12 nonfeasance, misstating the record." *Id.* at 6.  Plaintiff states:  "The circumstances that give rise
13 to my claim [are] straightforward and [are] based on prima facie exculpatory evidence,
14 physically in the possession of the defendant . . . ." *Id.* at 8.  He seeks dismissal of his conviction
15 and money damages.  *Id.* at 6.

16      Given these allegations, it is clear that this action is *Heck*-barred and that leave to amend
17 would be futile.  In plaintiff's own words, if he prevailed on his claims against defendant, it
18 would necessarily imply the invalidity of his conviction, which has not been overturned.
19 Accordingly, the Court recommends that this action be DISMISSED without prejudice and
20 without leave to amend.[1]  *See Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th

---

[1] A court may convert a *Heck*-barred civil rights action into a habeas petition if it is clear that the plaintiff intends to bring a habeas petition.  *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (declining to convert civil rights complaint barred by *Heck* into habeas petition because doing so might foreclose effective review of habeas claims not asserted in civil rights action).  Although plaintiff seeks dismissal of his conviction, in addition to money damages, the Court declines to convert this civil rights action into a habeas petition because petitioner already has

REPORT AND RECOMMENDATION - 2

1  Cir. 2016) (dismissal without prejudice of *Heck*-barred action is appropriate to allow the plaintiff
2  to refile the complaint once his conviction has been overturned); *McQuillion v. Schwarzenegger*,
3  369 F.3d 1091, 1099 (9th Cir. 2004) (affirming dismissal of civil rights complaint without leave
4  to amend where amendment would have been futile due to *Heck* bar).  The Court further
5  recommends that plaintiff's application to proceed *in forma pauperis*, Dkt. 1, and proposed
6  motion to appoint counsel, Dkt. 1-2, be DENIED as moot.

7  Objections to this Report and Recommendation, if any, should be filed with the Clerk and
8  served upon all parties to this suit by no later than **November 15, 2017**.  Failure to file objections
9  within the specified time may affect your right to appeal.  Objections should be noted for
10 consideration on the District Judge's motion calendar for the third Friday after they are filed.
11 Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no
12 timely objections are filed, the matter will be ready for consideration by the District Judge on
13 **November 17, 2017.**

14 This Report and Recommendation is not an appealable order.  Thus, a notice of appeal
15 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
16 assigned District Judge acts on this Report and Recommendation.

17 DATED this 25th day of October, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

---

sought and been denied federal habeas relief under 28 U.S.C. § 2255.  *See Denham v. United States*, No. 12-814-JLR, 2013 WL 1661721 (W.D. Wash. Apr. 16, 2013) (denying § 2255 habeas petition); *Denham v. United States*, No. 14-1125-RSL (W.D. Wash.) (transferring successive § 2255 petition to the Ninth Circuit).  Moreover, plaintiff recently filed a habeas petition under 28 U.S.C. § 2241.  *Denham v. United States*, No. 17-1539-JLR-MAT (W.D. Wash. Oct. 13, 2017).

REPORT AND RECOMMENDATION - 3